## Sykes *v.* Moscatelli, et al., Appellants.

*Practice C. P. — Verdict — Rule to set aside verdict—Parties— Joint actions—Judgment by default—Parties not served.*

Upon a rule to set aside a verdict, it appeared that the action was an appeal from judgment of a justice of the peace in an action of assumpsit against three individuals as joint defendants. Only one of the defendants was served and it was he who took the appeal. When the case was called for trial, in the common pleas, none of the defendants appeared and a verdict was taken in favor of the plaintiff and against the defendants. Rule to show cause why the verdict should not be set aside as to the two defendants who had not been served was granted and was subsequently made absolute.

*Held:* It was not error to set aside the verdict as to the two defendants who had not been served, and to allow the entry of judgment on the verdict as to the defendant who was properly in court.

Submitted March 7, 1923. Appeal, No. 25, March T., 1923, by John Sparany, from judgment of C. P. Lackawanna County, Jan. T., 1922, No. 1083, on verdict for plaintiff in the case of Clarence Sykes v. Hugo Moscatelli, John Sparany and Dr. F. W. Lange. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Rule to set aside verdict and strike off judgment. Before EDWARDS, P. J.

The opinion of the Superior Court states the case.

The court made the rule absolute as to the defendants Moscatelli and Lange who had not been served and discharged the same as to Sparany. Judgment was then entered on verdict for plaintiff in the sum of $64.27 against John Sparany who thereupon took this appeal.

*Error assigned* was refusal of the court to make the rule absolute as to all of the defendants.

*L. P. Wedeman,* for appellant.—Since the action was a joint action and there was no appearance the judgment must either stand or fall as against all three defendants and cannot be valid as to one and not as to the others: Nelson v. Lloyd, 9 Watts 22; Boaz v. Heister, 6 S. & R. 20; Donnelly et al. v. Graham et al., 77 Pa. 274; Murdy v. McCutcheon, 95 Pa. 435; Pantall v. Dickey, 123 Pa. 431; McKinney v. Brown, 130 Pa. 365.

No appearance and no printed brief for appellee.

Opinion by Henderson, J., April 30, 1923:

None of the assignments of error is in conformity to our rules and the appeal might be dismissed on that account. We have examined the appellant's argument, however, and are not persuaded that the court below is in error in the respect complained of. The proceeding was begun in a case of assumpsit before a justice of the peace against three—only one, Sparany, the appellant, was served. None of the defendants appeared before the magistrate. Judgment was given against Sparany who appealed to the court of common pleas. The case was there tried without pleadings and a verdict was inadvertently entered against all of the defendants named. When this was brought to the attention of the court, the verdict was set aside as to the defendants not served. The appellant now contends that the verdict cannot be sustained against him. The cases cited do not support the position of the appellant—they were actions brought against partners and the pleadings showed joint liability. The failure to enter an interlocutory judgment against a defendant served who did not appear was made the basis for a reversal in one of the cases and it was held that the verdict against three could not be sustained when the records showed that only one had been served. The appellant's case is on a different footing. The record

87, (1923).]            Opinion of the Court.

does not show what the cause of action was. It may have been a valid claim against the appellant and not against the other defendants. The judgment was entered against Sparany only by the magistrate. The case was not tried as to the other defendants either in the magistrate's court or in the common pleas. A sufficient reason is not shown therefore why the verdict should not stand as directed by the trial court.

The judgment is affirmed.